AETNA INSURANCE CO. *v.* MARY A. BURNS.

**Insurance Policy—Bill of Exceptions.**

> Where a fire insurance policy provides that the company shall not be liable where loss occurs when the building insured is vacant, the insured cannot collect on such policy when the building was vacant at the time of the fire and for weeks prior thereto.

**Bill of Exceptions.**

> When the bill of exceptions is filed and no exceptions to the order of filing are taken, no question as to them is raised.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 13, 1874.

OPINION BY JUDGE PRYOR:

One of the express stipulations of the policy is that if the building

insured becomes unoccupied, the policy is suspended, or to be of no force and effect so long as the property is left in that condition. The building, as the proof shows, was unoccupied at the time it was destroyed by fire, and had been for several weeks. There is no evidence showing that the appellant or its agent had any notice of its having been vacated, or that any contract was entered into by which the appellee had the right to abandon it and still claim the benefit of the insurance in case of loss; and even if notice had been given the company of the intention of the appellee to leave the building, it was not the duty of the company to furnish a tenant or to protect the building from the torch of the incendiary. The appellee had the right to abandon her house, but when she did so forfeited all right to the insurance money, if destroyed by fire (as was the case here) during the period in which it was unoccupied. The appellee states that at the time she insured, she informed the agent that she would leave the premises temporarily; but at the same time accepted a policy with the express written stipulation that if destroyed when not tenanted, the company was not liable. It was the duty of the appellee to have furnished a tenant or occupant when she left, and particularly, when according to her own statement, there was danger of its being destroyed or burned by some of her enemies. A written contract between parties is entitled to but little consideration, if such facts as are sworn to by the appellee and her sister are held sufficient to change the whole character of the written undertaking.

Under the proof in this case the jury should have been told that if the building had been left unoccupied for —— weeks by the appellee, and during that period, and whilst there was no one occupying the premises, it was destroyed by fire, they should find for the defendant. There might be some question made as to the bill of evidence, but for the order of the 3rd of July, 1873. The bill of evidence having been filed on that day; the appellee, by counsel, came into court, and instead of excepting to the order filing exceptions if he intended to take advantage of it, moved the court to correct it, and the court overruled this motion. The appellees tendered what purported to be another bill of evidence, that is not signed by the judge; and although made part of this record, it cannot be considered or treated as any part of it. The judgment of the court below is *reversed* and cause remanded with direction to award the

appellant a new trial, and for further proceedings consistent with this opinion.

*A. D. Smalley, for appellant.*
*T. W. Webster, A. T. Root, for appellee.*